# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA SHALONGO and EDWARD SHALONGO, <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMIN' BRANDS, INC. d/b/a OUTBACK STEAK, and BLOOMIN BRANDS, INC., <br><br> Defendants. | NO. 3:18-CV-1317 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is a Notice of Removal filed by Defendants. (*See* Doc. 1). Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Defendants can show that diversity jurisdiction is proper.

### I. Background

Plaintiffs Brenda Shalongo and Edward Shalongo originally filed this action in the Luzerne County Court of Common Pleas. (*See* Doc. 1, Ex. "C"). In the Complaint, Plaintiffs allege claims against Defendants for negligence and loss of consortium. (*See id*.).

Defendants removed the action to this Court on June 29, 2018. (*See* Doc. 1, *generally*). In the Notice of Removal, Defendants contend that jurisdiction over this action exists pursuant to 28 U.S.C. § 1332(a)(1). (*See id*. at ¶¶ 4-5, 12). Plaintiffs are alleged to "reside at 174 Steffens Road, Danville, Montour County, Pennsylvania." (*Id*. at ¶ 5). Defendants are alleged to be incorporated in Delaware with "a principle [sic] place of business in Florida." (*Id*. at ¶ 7).

### II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction

*sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). The Notice of Removal alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs.**

The Notice of Removal fails to adequately allege the citizenship of Plaintiffs. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See*

*Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Notice of Removal alleges that Plaintiffs "reside" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."). To properly plead diversity, the state of citizenship of each Plaintiff must be alleged, not merely his or her state of residence. As the Notice of Removal does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Defendants.**

The Notice of Removal also fails to properly allege Defendants' own citizenship. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). If a party is a corporation, in order to properly plead diverse citizenship, both the corporation's state of incorporation and its principal place of business must be alleged. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires an allegation of where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, while the Notice of Removal adequately identifies Defendants' state of incorporation, it only identifies where Defendants have a principal place of business.

To properly plead corporate citizenship, however, each Defendant must plead where it has its principal place of business. Because the Notice of Removal does not contain these facts, it cannot be determined whether jurisdiction over this action is proper.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Defendants will be given an opportunity to amend the Notice of Removal to adequately allege the existence of diversity jurisdiction. *See, e.g.*, *Skywark v. Healthbridge Mgmt., LLC*, No. 15-58, 2015 WL 13621058, at *2-3 (W.D. Pa. July 22, 2015); *Bowen v. Allstate Ins. Co.*, No. 13-2812, 2013 WL 6448399, at *2 (M.D. Pa. Dec. 9, 2013). Defendants will be granted twenty-one (21) days in which to file an amended notice of removal. Failure to do so will result in this action being remanded to the Luzerne County Court of Common Pleas.

An appropriate order follows.

July 20, 2018                                                 /s/ A. Richard Caputo  
Date                                                             A. Richard Caputo  
                                                                      United States District Judge